E-FILED
Friday, 15 December, 2017 11:07:22 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| STEVEN A. BELL, | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No. 16-1331 |
| UNITED STATES OF AMERICA, | ) ) ) |
| Respondent. | ) ) |

# ORDER AND OPINION

Now before the Court is Petitioner Bell's Motion [1] to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. For the reasons set forth below, Petitioner's Motion [1] is DENIED and the Court declines to issue a Certificate of Appealability.

## BACKGROUND[1]

On May 20, 2014, Petitioner Bell was charged by way of indictment with conspiracy to manufacture methamphetamine in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(B). See *United States v. Bell*, No. 14-10034 (C.D. Ill.). On July 16, 2015, Bell entered into a cooperation agreement and plea agreement with the Government pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B). R. 30. As part of his plea agreement, Bell waived his right to appeal or collaterally attack his conviction or sentence, save for a claim of involuntariness or ineffective assistance of counsel. In exchange for Bell's plea, the Government agreed to recommend, *inter alia*, (1) an offense level reduction for acceptance of responsibility under United States Sentencing Guideline Section 3E1.1, (2) that if the Court found Bell to be a Career

---

[1] Citations to documents filed in this case are styled as "Doc. ___." Citations to the record in the underlying criminal case are styled as "R. ___."

1

Offender, that status overrepresents the seriousness of his criminal history, and (3) that Bell not receive a role enhancement for being a manager, organizer, or leader of the conspiracy. *Id*., at 7–8. The probation officer determined that Bell was a Career Offender as that term is defined in U.S.S.G. § 4B1.1, resulting in a guideline range of 188 to 235 months' imprisonment. R. 33. This Court adopted the presentence report over Bell's objection to the Career Offender designation. However, at sentencing on November 12, 2015, the Court accepted the Parties' joint recommendation to vary from the guideline range and sentenced Bell to 60 months' imprisonment. R. 35. Bell did not appeal.

On September 2, 2016, Bell filed the instant Motion pursuant to 28 U.S.C. § 2255. Doc. 1. Therein, he asserts that: (1) his offense level was 24 with a criminal history category of VI, resulting in a guidelines range of 51 to 63 months' imprisonment; (2) his attorney failed to advocate for a minimal or minor rule reduction pursuant to U.S.S.G. § 3B1.2; (3) had defense counsel advocated for a role reduction, his guideline range would have decreased and resulted in a lower sentence; (4) his plea agreement was not knowingly and voluntarily entered into; and (5) had he been advised by his attorney that he was entitled to a minor role reduction, he would have not pleaded guilty and would have insisted on going to trial. The Government's Response opposes the Motion and raises procedural and substantive objections. Doc. 5. Bell has also filed a Reply addressing the Government's arguments. Doc. 6. This Order follows.

## LEGAL STANDARD

A petitioner may avail himself of § 2255 relief only if he can show that there are "flaws in the conviction or sentence which are jurisdictional in nature, constitutional in magnitude or result in a complete miscarriage of justice." *Boyer v. United States*, 55 F.2d 296, 298 (7th Cir. 1995), *cert. denied*, 116 S. Ct. 268 (1995). Section 2255 is limited to correcting errors that

2

"vitiate the sentencing court's jurisdiction or are otherwise of constitutional magnitude." *Guinan v. United States*, 6 F.3d 468, 470 (7th Cir. 1993), citing *Scott v. United States*, 997 F.2d 340 (7th Cir. 1993). A § 2255 motion is not a substitute for a direct appeal. *Doe v. United States*, 51 F.3d 693, 698 (7th Cir. 1995), *cert. denied*, 116 S. Ct. 205 (1995); *McCleese v. United States*, 75 F.3d 1174, 1177 (7th Cir. 1996). Thus, federal prisoners may not use § 2255 as a vehicle to circumvent decisions made by the appellate court in a direct appeal. *United States v. Frady*, 456 U.S. 152, 165 (1982); *Doe*, 51 F.3d at 698. Specifically, a petitioner bringing a § 2255 motion is barred from raising: (1) issues raised on direct appeal, absent some showing of new evidence or changed circumstances; (2) nonconstitutional issues that could have been but were not raised on direct appeal; or (3) constitutional issues that were not raised on direct appeal, absent a showing of cause for the default and actual prejudice from the failure to appeal. *Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992), *overruled on other grounds by Castellanos v. United States*, 26 F.3d 717, 710-20 (7th Cir. 1994).

Criminal defendants are guaranteed the right to effective assistance of counsel under the Sixth Amendment. *Watson v. Anglin*, 560 F.3d 687, 690 (7th Cir. 2009). The seminal case on ineffective assistance of counsel is *Strickland v. Washington*, 466 U.S. 668 (1984). In *Strickland*, the Court stated that in order for a prisoner to demonstrate that counsel's performance did not meet the constitutional standard, the petitioner would have to show that "counsel's representation fell below an objective standard of reasonableness." *Id.* at 687-88; *Wyatt v. United States*, 574 F.3d 455, 458-59 (7th Cir. 2009). Courts, however, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 690.

A prisoner must also prove that he has been prejudiced by his counsel's representation by showing "a reasonable probability that but for counsel's unprofessional errors, the result of the

proceeding would have been different." *Id.* at 694. Absent a sufficient showing of both cause and prejudice, a petitioner's claim must fail. *United States v. Delgado*, 936 F.2d 303, 311 (7th Cir. 1991). Thus, the Court "need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697 ("If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed.").

## DISCUSSION

From the outset, the Court notes that the Government's argument on waiver is inadequate. The entirety of the Government's argument is that Courts "generally uphold and enforce [collateral attack] waivers with certain exceptions, none of which apply to Bell." Doc. 5, at 4. Yet two of the exceptions that the Government assures the Court do not apply here are explicitly mentioned in Bell's Motion: involuntary pleas and ineffective assistance of counsel in connection with the negotiation of the plea agreement. See *Keller v. United States*, 657 F.3d 675, 681 (7th Cir. 2011). As discussed below, Bell's assertions of involuntariness or ineffective assistance are wholly without merit, but that does not excuse the Government from acknowledging their existence.

Bell cannot establish that his counsel was ineffective because his counsel's performance was not deficient and he did not suffer prejudice. First, Bell is incorrect that his offense level was 24 with a criminal history category of VI, resulting in a guidelines range of 51 to 63 months' imprisonment. Rather, a review of the PSR indicates that Bell's offense level was 24 *before* application of the Career Offender enhancement under U.S.S.G. § 4B1.1(b)(2), which increased his offense level to 34 before acceptance of responsibility. Even so, the corresponding guideline range with Bell's criminal history category of VI would have been 100 to 125 months—Bell's

calculation incorrectly assumes a criminal history category of I. Regardless, Bell's 60-month sentence was far below the applicable guideline range even without the Career Offender enhancement.

Bell's attorney *did* object to his designation as Career Offender. See R. 33 at 22 (PSR Addendum). More importantly, Bell's attorney successfully negotiated a plea agreement with the Government whereby the Government agreed that, if Bell was found to be a Career Offender, it would recommend that the Court find that his status as a Career Offender overrepresents the seriousness of his criminal history. R. 30, at ¶ 13(c). In fact, the Court's Statement of Reasons for Imposing Sentence expressly bases its decision to vary from the guideline range of 188 to 235 months on the "joint recommendation by the Government and Defendant's counsel." Doc. 37, at 3. Likewise, Bell was not prejudiced by his counsel's failure to argue for a minimal or minor rule reduction pursuant to U.S.S.G. § 3B1.2. Had counsel raised the argument and prevailed, his offense level would not have changed because the Career Offender designation would still have resulted in a base offense level of 34. See U.S.S.G. § 4B1.1(b)(2).

Bell also makes a perfunctory argument that, "if there is a waiver provision in the [plea agreement] prohibiting him from collaterally attacking his sentence … his plea was not freely and voluntarily entered," and had he been advised by his attorney that he was entitled to a minor role reduction, he would have not pleaded guilty and would have insisted on going to trial. Doc. 1, at ¶¶ 15, 16. Significantly, Bell only challenges his sentence in his § 2255 Motion, not his conviction. Had Bell gone to trial rather than enter into the plea agreement with the Government, it is very likely that his offense level would have been at least 34—rather than 31—because he would not have received a one- or two-point reduction for acceptance of responsibility, making his guideline range 262 to 327 months. See U.S.S.G. § 3E1.1(a) and (b). In other words, if Bell

5

were to prevail on his §2255 Motion because the plea agreement was invalid, he would be entitled to a resentencing where his guideline range would be approximately five times greater than the sentence he actually received, and without the benefit of the Government's concession that his Career Offender designation overstates his criminal history. His Motion is meritless.

## CERTIFICATE OF APPEALABILITY

To obtain a Certificate of Appealability under § 2253(c), "a habeas prisoner must make a substantial showing of the denial of a constitutional right." *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). This means that the prisoner must show "that reasonable jurists could debate whether … the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Id*. at 484. Here, no reasonable jurist could conclude that Bell made a substantial showing of the denial of a constitutional right because he was not prejudiced by counsel's alleged errors. Accordingly, this Court will not issue a Certificate of Appealability.

## CONCLUSION

For the reasons set forth above, Petitioner's Motion [1] to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 is DENIED and the Court declines to issue a Certificate of Appealability.

This matter is now terminated.

Signed on this 15th day of December, 2017.

s/ James E. Shadid
James E. Shadid
Chief United States District Judge